UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| rai dais deapocalypse bey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-30082-KAR |
| ) | |
| Springfield Police Department, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER FOR REASSIGNMENT AND RECOMMENDATION OF DISMISSAL

ROBERTSON, U.S.M.J.

In this action, *pro se* plaintiff rai dais deapocalypse bey ("Plaintiff") claims that the Springfield Police Department and eight of its officers violated his constitutional rights when they served a restraining order on him. On January 14, 2025, the Court issued an order granting Plaintiff's motion for leave to proceed *in forma pauperis* and directing him to file an amended complaint if he wished to proceed with this action. (Dkt. No. 9). For reasons explained below, upon conducting a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court found that the complaint failed to state a claim upon which relief could be granted. On March 3, 2025, Plaintiff filed documents in response to the Court's January 14, 2025 order. (Dkt. No. 13). Having reviewed this document, the Court concludes that this action should be dismissed. Accordingly, the Court will order that this action be reassigned to a District Judge and recommend to the District Judge that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**II.     Order to Reassign to a District Judge**

Pursuant to a Standing Order of this Court, a case may be randomly assigned, at the time of filing, to a Magistrate Judge. However, absent the parties' consent to the final assignment of

this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action. *See* 28 U.S.C. § 636(b)(1)(A).

This action was drawn to the undersigned Magistrate Judge under the above-described protocol. As set forth below, the Court concludes that this action is subject to dismissal. Because the parties have not consented to the final assignment of this case to a Magistrate Judge, the Court orders that this action be reassigned to a District Judge.

### III.    Recommendation of Dismissal

#### A.    Original Complaint

In the original complaint, Plaintiff sought to hold the defendants liable for "making a restraining order without proof of a crime of proof of injured party claims under Eddie Long" because he is "rai dais deapocalypse bey." (Dkt. No. 1 at 4). Plaintiff also alleged that the officers "threaten[ed] to unlawfully arrest [him] -- rai dais deapocalypse bey—under the name Eddie Long." *Id.* Plaintiff claimed that the defendants violated his rights under the First, Second, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth amendments to the United States Constitution.

The Court summarizes some of the more detailed allegations in the complaint, treating them as true for purposes of this Recommendation.

On June 25, 2024, Springfield police officers approached Plaintiff and asked if his name was Eddie. Plaintiff responded in the negative, stating that his name is rai dais deapocalypse bey. Plaintiff handed an officer a document "that says on the to all public officials A notice to agents is a notice to principal a notice to principal is a notice to agents." *Id.* at 10 (as in original). The officers took the documents but did not read them.

The officers asked several questions concerning Plaintiff's identification—such as what his name was, what name he was given when he was born, what name did he have in school, and

when he changed his name. Plaintiff stated that all members of his religion have titles, not names--a sun title, which his family, friends, and tribe members may use, and a moon title, which everyone else must use. Plaintiff stated his moon title is rai dais deapocalypse bey.

The officers also asked Plaintiff in what state he was born. Plaintiff responded that he was "indigenous north America/amerika." *Id.* Plaintiff also stated, "The United States is a foreign federal corporation, and every state is a corporation/company that is a[]part of the United States." *Id.* Plaintiff continued, "You can not be born into a corporation until you have to be contacted in." *Id.* Plaintiff told the officers he had cancelled all contracts with the United States, and that the officers should read the papers Plaintiff had given them. *Id.* Plaintiff told the officers he would sue them "for [their] surety bonds for infringement on [his] 1st amendment rights." *Id.* at 11.

The officers informed Plaintiff that, if he had a gun, he was required to hand it over to them with any gun license he had. Plaintiff responded that, because of his rights under the Second Amendment, he was not obligated to hand it over to the officers. Plaintiff further asserted that he didn't need a gun license. Plaintiff asked the officers if they were "about to infringe on [his] 2nd amendment of the US Constitutional protected rights?" *Id.* When one of the officers stated that Massachusetts law requires a gun owner to have a license, Plaintiff's response was: "[A]re you saying that state laws are above the US Constitution protect rights? Read the documents I handed the other officers. You are infringing on my 1st amendment US Constitutional protected rights. And I will sue All public officials for infringing on my rights." *Id.*

The officers "tried to get [Plaintiff] to accept the restraining order that is made out to a fake name of a person called Eddie Long." *Id.* Plaintiff asserts that "the Police officers trying to force [him] to accept a restraining order in a name called Eddie Long is the police officers

3

enforcing their religion that the State has created to infringe on my indigenous peoples right to [their] own religion." *Id.*

Plaintiff asked the officers, "And tell me what crimes am I committing?" *Id.* at 12. He continued: "Show me who I threatened? Show me what properties I damaged? Show me what and who properties I stole? Show me who is the injured party?" *Id.* On of the officers responded that "that is not how a[n] emergency restraining order work[s]." *Id.* "Then another police officer came back with the restraining order papers with the name Eddie Long on it and was trying to get [Plaintiff] to accept the name on the restraining order as [him]." *Id.* Plaintiff "laughed, and told them [he was] not contracting with them and [he was] not going to contact with them under the name [they were] trying to force [him] to accept." *Id.*

Plaintiff gave the officers his "national card." *Id.* The officers asked Plaintiff if he had a Massachusetts identification card or a Massachusetts driver's license. Plaintiff responded that he did not. Plaintiff continued: "I canceled all contracts with the United States corporation, I canceled the birth certificate, the social security number[,] everything." *Id.* The officers detained Plaintiff for approximately 45 minutes during this colloquy.

B.    **Court's Review of the Original Complaint**

A pleading is subject to dismissal for failure to state a claim upon which relief can be granted if the underlying allegations do not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

In evaluating the sufficiency of the original complaint, the Court considered only "well-pleaded" factual allegations. The Court could not credit factual allegations that consisted merely of "labels and conclusions," *Twombly*, 550 U.S. at 555, or "'naked assertion[s]' devoid of

'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  As the First Circuit has explained, "If the complaint fails to include 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory,' it should be dismissed." *Pitta v. Medeiros*, 90 F.4th 11, 17 (1st Cir. 2024) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008)).

Because Plaintiff sought to enforce his constitutional rights, the Court treated this action as one under 42 U.S.C. § 1983 ("§ 1983"), which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.

The Court found that Plaintiff's complaint did not state a claim upon which relief maybe granted because he relied on theories of liability that failed as a matter of law.  While the Court was required to treat his well-pled factual allegations as true, the Court was not similarly required to accept his legal conclusions that the officers' conduct violated his constitutional rights.  Although Plaintiff had alleged that the police officers violated his rights by serving a restraining order that was wrongfully issued, the officers did not have any authority to determine whether the court's issuance of the restraining order was proper.  Their duty was to serve it on the person they believed to be known by the name Eddie Long.  Further, if the restraining order required Eddie Long to surrender a firearm, the officers were required to "immediately take possession of all firearms, rifles, shotguns, machine guns, ammunition, any license to carry firearms and any firearms identification cards in the control, ownership, or possession of" Eddie Long.  M.G.L. ch. 209A, § 3B.

The Court also rejected Plaintiff's legal conclusion that the officers violated his legal rights by referring to him as "Eddie Long" and refusing to refer to him as rai dais deapocalypse bey.  The Court explained that the Free Exercise Clause of the First Amendment gives people absolute freedom to *believe* whatever they want, but that religious *conduct* "remains subject to regulation for the protection of society."  *Cantwell v. Connecticut*, 310 U.S. 296, 303-04 (1940).  The Court found that requiring Plaintiff to use a "name" is rationally related to many legitimate government interests, including facilitation of enforcement of state laws and judicial orders, including restraining orders.  *See Does 1-6 v. Mills*, 16 F.4th 20, 29 (1st Cir. 2021) (stating that, "[w]hen a religiously neutral and generally applicable law incidentally burdens free exercise rights," it withstands "constitutional challenge if it is rationally related to a legitimate governmental interest").

        C.      **Plaintiff's March 3, 2025 Filing**

Plaintiff's March 3, 2025 thirty-page filing was docketed as an "Amended Complaint," but it does not meet any requirements of a pleading.  The papers do not provide any relevant factual material or theories of liability.  They are essentially an elaboration on Plaintiff's arguments from the original complaint that no local, state, or national government can exercise power over him without his consent.  The filing includes a five-page document from the "Moorish National Republic Federal Government," (Dkt. No. 13 at 4-8), a fifteen-page document with "True HDC Holder of my birth certificate" on the top of each page, *id.* at 9-23, a "Notice of Claim" which refers to "Trading With The Enemy Act" and "50 U.S.C. § 4229 – Return of Property," *id.* at 24, and a five-page document from the "Moorish National Republic" in which Plaintiff purports to terminate all "kontracts, charrters ande trustes that exxiste" in the name of Eddie Tyson Long Jr., *id.* at 26-30 (as in original).

The Court does not question the sincerity of Plaintiff's religious, social, and political beliefs. However, the March 3, 2025 filing does not provide Plaintiff any basis for relief in this Court. Because the original complaint failed to state a claim upon which relief may be granted and Plaintiff has not filed an amended complaint to cure the deficiencies of the original complaint, the Court recommends to the District Judge that this action be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

IV.  **Conclusion**

For the foregoing reasons:

1. The Court orders that this action be reassigned to a District Judge.

2. The Court RECOMMENDS to the District Judge that this action be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.[1]

SO ORDERED.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  May 13, 2025

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.